IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUAN RESTREPO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 17-1044-GMS |
| | ) | |
| PERRY PHELPS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Juan Restrepo ("Restrepo"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) Restrepo filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## II. BACKGROUND

Restrepo alleges that he was housed in SHU/solitary maximum security confinement at the VCC from 2010 through 2016 and that he has been diagnosed as severely mentally ill. Restrepo alleges that his condition exponentially worsened during the years he spent in solitary confinement, and he has multiple scars from suicide attempts.

The complaints refers to occurrences in 2011, 2013, and 2016.[2] In 2016, when Restrepo was no longer housed in solitary confinement, he was placed in a double cell. Restrepo told the

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] As will be discussed, most of Restrepo's claims are time-barred.

1

staff that he could not function with another person in the cell. As a result, was punished and placed in isolation confinement (*i.e.*, the hole) during June and July 2016.

In October 2016, the staff again forced Restrepo to house in a double cell. The same day, he had a major breakdown and attempted suicide. Restrepo alleges that the staff harassed him at the hospital and when he was on suicide watch in the infirmary. Restrepo alleges that mental health psychologist advised VCC administration that Restrepo needed a single cell, not a double cell. However, staff again forced Restrepo into a double cell and refused him access to psychologists. Restrepo was double celled for one week. It appears that he was then single celled and again double celled.

Restrepo alleges that Commissioner Perry Phelps ("Phelps"), in his position as the former VCC warden and now as Commissioner, has overseen the implementation of policies and procedures that harmed him. Restrepo alleges that his rights are being violated due to a defective mental health program and he is not receiving property treatment. Restrepo has submitted numerous grievances, all to no avail. He seeks compensatory damages and declaratory relief.[3]

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true

---

[3] After reviewing Restrepo's other filings, the court concludes that he also seeks habeas corpus relief. (*See* D.I. 9, 10, 12.) The court will order the Clerk of Court to open a new case and will not address D.I. 9, 10 and 12 in Civ. No. 17-1044-GMS.

2

and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Restrepo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Restrepo leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed,

3

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

### A.   Statute of Limitations

Restrepo alleges that he was unlawfully confined in SHU/solitary maximum security confinement from 2010 through 2016. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth*

4

*Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App''x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Restrepo raises condition of confinement claims as a result of his placement SHU/solitary maximum security confinement from 2010 through 2016. (*See* D.I. 2 at 5-7, 10.) He did not file his complaint until July 23, 2017.[4] Hence, it is evident from the face of the complaint that all claims that accrued prior to July 23, 2015 are barred by the two-year limitations period.[5]

Because those claims are time-barred the court will dismiss them as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[6]

### B.   Request for Counsel

Restrepo requests counsel on the grounds that: (1) he was one of "the original 100

---

[4] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, Restrepo's complaint was signed on July 23, 2017, and submitted for e-filing by prison authorities on July 28, 2017. Therefore, the court concludes that the complaint was filed on July 23, 2017, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware to submit for e-filing.

[5] All claims raised against VCC deputy warden Phil Parker occurred in 2010 and, therefore, are time-barred. (*See* D.I. 2 at 10.)

[6] Restrepo will be allowed to proceed with his claims against Phelps. *See e.g., Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016) (A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official "deprived the prisoner of the minimal civilized measure of life's necessities" and "acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health."

5

inmates" that the Community Legal Aid Society, Inc. and the ACLU sought to protect in Civ. No. 15-688-GMS; (2) the court order entered in Civ. No. 15-688-GMS has not been complied with since the February 2017 hostage incident; (3) English is his second language; and (4) expert testimony will be necessary. (D.I. 8.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[7] *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Restrepo's request, the court concludes that, at this juncture, an attorney is not warranted. The case is in its early stages and no service has taken place. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself

---

[7] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

(with inmate assistance). Thus, in these circumstances, the court will deny without prejudice to renew Restrepo's requests for counsel. (D.I. 8.) Should the need for counsel arise later, one can be appointed at that time.

**C.    E-Filing**

The Clerk's Office received several documents for filing in this case from Restrepo via the United States mail, and not through the VCC law library's e-mail/e-filing system. The VCC participates in an e-filing program with the court, *see* August 28, 2017 standing order, *In re: E-Filing Documents in the District of Delaware by Inmates at the James T. Vaughn Correctional Center*, and inmate participation is mandatory. The program was initiated to reduce the costs of filings by inmates which includes an inmate's mailing and photocopying costs. Restrepo is admonished to participate in the e-filing program, which serves as a benefit to him.

**V.    CONCLUSION**

Restrepo will be allowed to proceed with his claims against Phelps. The court will: (1) dismiss all claims that accrued prior to July 23, 2015 as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (2) dismiss the defendant Phil Parker and the claims against him as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (3) deny without prejudice to renew the request for counsel. (D.I. 8.)

An appropriate order will be entered.

_Dec 4_, 2017
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE